IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTON THURMAN MCALLLISTER,   )
                              )
         Plaintiff,           )
                              )
         v.                   )   1:25CV14
                              )
NAPH CARE BRAD MCLANE, et al.,)
                              )
         Defendant(s).        )

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina formerly housed in the Forsyth County Detention Center, seeks to bring a lawsuit under 42 U.S.C. § 1983 based on an alleged lack of medical care while he was at that facility. The Complaint names nine corporate, institutional, or individual Defendants based on claims associated with medical treatment Plaintiff received while incarcerated at the Forsyth County Detention Center during December of 2023 and early 2024. It seeks tens of millions of dollars in compensatory and punitive damages as relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint contains a few claims that are sufficient to proceed but the remainder should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on which relief may be granted.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Overall, the Complaint alleges that Plaintiff suffered from multiple issues with his teeth or mouth while housed in the Detention Center during December of 2023 and early 2024. These included infections, broken teeth, puss-filled pockets, red or swollen gums, and pain sufficient to keep him from properly chewing his food. (Docket Entry 2 at 11.) It alleges that Plaintiff did not receive proper treatment for these conditions and that Defendants are responsible for the alleged lack of treatment. The Complaint claims that Plaintiff later had more than 20 teeth pulled by May of 2024 as a result of the ongoing infections. (Id.)

The Defendants can be divided into two groups for analysis, one group employed by NaphCare Inc., a corporation providing healthcare services at the Forsyth County Detention Center during Plaintiff's time in that facility, and the other group employed in administrative positions by the Forsyth County Sheriff's Department.

Turning to the first group, deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Moreover, mere disagreement with treatment received is not enough to state a claim for relief. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011). Additionally, where a corporation is a Defendant,

> [t]he Fourth Circuit has conditioned liability for private corporations under 42 U.S.C. § 1983 on the same requirements established for municipal corporations. Rodriguez v. Smithfield Packing Co, Inc., 338 F.3d 348, 355 (4th

> Cir. 2003). Consistent with that view, a *respondeat superior* theory cannot support such liability as a matter of law. Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999). Instead, to establish § 1983 liability for a private corporation, a plaintiff must show that "an official policy or custom of the corporation cause[d] the alleged deprivation of federal rights." Id.
>
> At the pleadings stage, a plaintiff must allege facts to plausibly support "a direct causal link between a [corporate] policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

Parker v. Burris, No. 1:13CV488, 2013 WL 5604622, at *4 (M.D.N.C. Oct. 11, 2013) (unpublished), rec. adopted, slip op. (M.D.N.C. Jan. 13, 2014).

Here, the Complaint names "NAPH CARE-BRAD MCLANE" in its/his individual and official capacities as the first Defendant. (Docket Entry 2 at 2.) Brad McLane is listed as the Chief Executive Officer of Naphcare. (Id.) The Complaint also names four other NaphCare employees, Dr. Strickland, Dr. Box, Ms. Cowen, and Ms. Correll as Defendants in their official and individual capacities. According to the Complaint, Defendant Strickland is a dentist working for NaphCare at the Detention Center. (Id.) She saw Plaintiff for his dental problems and pulled two of his broken teeth. (Id. at 11.) However, she allegedly did not pull other broken teeth, did not address Plaintiff's other dental problems, told him that he needed to have his teeth cleaned to address his gum issues, informed him that NaphCare did not clean teeth, told Plaintiff he would need to get that done after his incarceration, and refused to refer Plaintiff to any outside provider for further treatment even when he told her he might be incarcerated for some time. (Id. at 11-12, 27-28.) Defendant Box also allegedly saw Plaintiff for the medical issues described in the Complaint but only gave Plaintiff salt

packets which did not resolve the infections in Plaintiff's mouth. (Id. at 7-8.) As for Defendant Cowen, she is the director of nursing at the Detention Center. (Id. at 3.) The Complaint alleges that she is a supervisor responsible for prisoner healthcare generally and that Plaintiff made his condition known to her through sick calls and grievances. (Id. at 8, 12.) Finally, the Complaint asserts that Defendant Correll is a high ranking medical official at the Detention Center who did not live up to her duty to treat Plaintiff, although it adds that she was not present for the harms Plaintiff suffered, but that she should be responsible for her subordinates. (Id. at 9, 13-14.)

Here, the Complaint contains sufficient facts to state a claim for deliberate indifference against Defendants Strickland and Box in their individual capacities given that they actually provided treatment to Plaintiff and that despite knowledge of the ineffectiveness of that treatment, they did not otherwise treat him or refer him for outside treatment. Also, Defendant Strickland allegedly told Plaintiff that he needed to have his teeth cleaned in order to get relief from his symptoms. However, she refused to clean them or refer him for cleaning and stated that NaphCare does not clean teeth. This is sufficient to state a claim that she was acting according to a NaphCare policy which also allows for an official capacity claim against Defendant NaphCare/McLane. However, the Complaint contains no allegations supporting an official capacity claim against Defendant Box or individual capacity claims against Defendant NaphCare/McLane.

The Complaint also fails to state any claim against Defendants Cowen and Correll. It does not allege that Defendant Correll was involved at all in Plaintiff's treatment or even

-5-

Case 1:25-cv-00014-CCE-LPA   Document 3   Filed 02/05/25   Page 5 of 9

personally aware of his situation. It seeks to hold her liable purely as a supervisor, but theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Similarly, the Complaint alleges only that Defendant Cowen was generally aware of Plaintiff's situation through his grievances. Grievances attached to the Complaint do not appear to support this as they were signed or handled by persons other than Defendant Cowen. The Complaint contains no specific allegations that Defendant Cowen actually handled Plaintiff's grievances. Even if Defendant Cowen was generally aware of the situation, nothing in the Complaint shows that she knew the specifics of the situation, i.e., the alleged failures of Defendants Strickland and Box's treatments, Defendant Strickland's alleged failure to clean Plaintiff's teeth because of a policy, or her refusal to send Plaintiff outside the Detention Center for cleaning. The Complaint again really only seeks to hold Defendant Cowen liable as a supervisor, which it cannot do. Therefore, the Complaint fails to state a claim as to Defendants Correll and Cowen.

The other set of Defendants in the Complaint are Forsyth County Sheriff Bobby Kimbrough, Jr., his Chief Deputy and second in command R. Joyner, and his third in command Colonel H. Gray. The Complaint also names the Forsyth County Sheriff's Department itself as a Defendant.

The Complaint names Forsyth County Sheriff Bobby Kimbrough as a Defendant in both his individual and official capacities, but appears to name the Forsyth County Sheriff's Office in its official capacity only, although it is not fully legible. (Id. at 4.) Regardless,

-6-

Case 1:25-cv-00014-CCE-LPA   Document 3   Filed 02/05/25   Page 6 of 9

under North Carolina law, Defendant Kimbrough, as Sheriff, controls the operations of the Detention Center and possesses final policymaking authority. See Cobbs ex rel. Cobbs v. County of Guilford, No. 1:10CV806, 2012 WL 3113141, at *2 (M.D.N.C. July 31, 2012) (unpublished), rec. adopted as modified, 2012 WL 4508106, (M.D.N.C. Sept. 28, 2012) (unpublished). Therefore, any claims against the Sheriff's Office are duplicative of the claims against Defendant Kimbrough and the Sheriff's Office should be dismissed from the case for that reason. The Court will consider the allegations against both the Sheriff's Office and Defendant Kimbrough in determining whether the Complaint states a claim against Defendant Kimbrough.

Turning now to Defendants Kimbrough, Joyner, and Gray, the Complaint contains allegations similar to those against Defendants Correll and Cowen in that it alleges that these Defendants created or oversaw the enforcement of policies in the Detention Center or employed and supervised other Defendants. (Docket Entry 2 at 8-10, 12-15.) It does not allege that any of these Defendants were directly involved in, or even aware of, Plaintiff's medical care. The Complaint does allege that these Defendants are responsible for policies regarding medical care of prisoners and that the policies were violated, (Id. at 12-15.) However, violations of policy by subordinates do not implicate the policy makers absent an allegation they knew of or approved of the violation in some way. Such allegations are absent here. Therefore, the Complaint does not contain facts establishing the liability of these Defendants and the claims against them should be dismissed.

-7-

Regarding Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment if funds are available. However, Plaintiff's *in forma pauperis* application reveals that they are not. Therefore, the Court will not order an initial partial payment at this time, but will instead order that Plaintiff's custodian deduct payments from Plaintiff's prisoner account if funds become available.

IT IS THEREFORE RECOMMENDED that Plaintiff's official capacity claim against Defendant NaphCare/McLane, official and individual capacity claims against Defendant Strickland, and individual capacity claim against Defendant Box be allowed to proceed but that the other claims in the Complaint be dismissed for failure to state a claim upon which relief may be granted.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of March of 2025, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments shall be designated as made in payment of the filing fee for Civil Action No. 1:25CV14, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the

custodian at Plaintiff's next institution.  A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff summonses for Defendants Defendant NaphCare/McLane, Strickland, and Box.  Plaintiff must fill out the summonses, including an address suitable for service, and then return the summonses to the Clerk.  Failure to provide an address wherein service may be made will result in the dismissal of the action against any Defendant that remains unserved after 90 days from the filing of the complaint.  See Fed. R. Civ. P. 4(m).

This, the 5th day of February, 2025.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**